| | |
|---|---|
| **PETER C. ANDERSON**<br>**UNITED STATES TRUSTEE**<br>Kenneth M. Misken<br>Assistant United States Trustee<br>Katherine Bunker, No. 240593<br>Attorney for the U.S. Trustee<br>**UNITED STATES TRUSTEE**<br>915 Wilshire Boulevard, Suite 1850<br>Los Angeles, California 90017<br>Telephone: (213) 894-3326; Fax: (213) 894-0276<br>Email: kate.bunker@usdoj.gov | FOR COURT USE ONLY |
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br>**SAN FERNANDO VALLEY DIVISION** | |
| In re:<br><br>    **1465V Donhill Drive, LLC,**<br><br><br><br>                                         Debtor. | |
| **NOTICE OF MOTION AND MOTION TO DISMISS OR CONVERT CASE UNDER 11 U.S.C. § 1112(b); DECLARATION OF ALFRED COOPER III** | CHAPTER 11 CASE NUMBER<br><br>**1:20-bk-11138-VK** |

TO THE DEBTOR, DEBTOR'S ATTORNEY, CREDITORS, AND OTHER INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN that on the following date and time in the indicated courtroom, the United States Trustee will move, and does hereby move the court for an order either converting the above entitled chapter 11 case to chapter 7 or dismissing the case and for such other relief as may be appropriate on the grounds set forth below.

> Hearing Date: **June 17, 2021**  Time: **1:00 p.m.**  Ctrm: **301**
> **U. S. Bankruptcy Court**
> **21041 Burbank Blvd.**
> **Woodland Hills, California 91367**

Local Bankruptcy Rule 9013-1(f) requires that any opposition or response to this motion be stated in writing, filed with the Clerk of the Court and served upon the United States Trustee at the address set forth in the upper left-hand corner of this document, upon the chapter 11 trustee and his or her attorney if a trustee has been appointed, and upon the debtor and the debtor's attorney no less than fourteen (14) days prior to the above hearing date. The court may treat failure to file a written response to this motion within the required time period as consent to the motion.

Notwithstanding any language in the Notice advising or suggesting that the hearing will be held physically in one of the Court's courtrooms, **please be advised that due to the COVID-19 pandemic, the Court will conduct the hearing remotely, using ZoomGov audio and video technology**. Individuals will not be permitted access to the courtroom. Information on how to participate in the hearing remotely using ZoomGov is provided below.

1. Hearing participants and members of the public may participate in and/or observe the hearing using ZoomGov, free of charge.

2. Individuals may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet). The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet. Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.

3. Individuals also may connect to the hearing by telephone only, using the telephone number provided below. Individuals connecting in this manner also will be prompted for the Meeting ID and Password.

4. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required.

5. The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.

6. All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.

7. The following is the unique ZoomGov connection information for the above-referenced hearing:

    **Join By Computer**

    Meeting URL: https://cacb.zoomgov.com/j/1607011380
    Meeting ID: 160 701 1380
    Password:832801

    **Join By Telephone**
    For higher quality dial a number based on your current location.

    Telephone: 1-669-254-5252 or 1-646-828-7666
    Meeting ID: 160 701 1380
    Password: 832801

8. More information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address: https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-participants.

(This motion is continued on the next page.)

| Page 3 - (Form 2.1) In re:    **1465V Donhill Drive LLC,**                     Debtor. | CHAPTER 11 CASE NUMBER    **1:20-bk-11138-VK** |
|---|---|

## FILING INFORMATION

A voluntary petition under chapter 11 was filed on June 29, 2020.

The petition states that this case is a single asset real estate case, with the Debtor's sole assets being real property located at 1465 Donhill Drive, Beverly Hills, CA 90210 (the "Property").

On January 19, 2021, the Court entered an order setting April 14, 2021 as the deadline by which the Debtor had to file its disclosure statement and plan [Docket No. 107].

## DECLARATION OF ALFRED COOPER III

1. I am employed as a Paralegal at the Office of the United States Trustee for the Central District of California with the responsibility of monitoring the administration of chapter 11 cases.

2. I have reviewed the files of the Office of the United States Trustee in connection with this bankruptcy case. I have personal knowledge of the facts set forth herein and if called as a witness could and would competently testify thereto.

3. The Debtor has failed to comply with the requirements of the United States Trustee's Guidelines and Requirements for Chapter 11 Debtors-in-Possession ("United States Trustee Guidelines") and/or Local Bankruptcy Rules by failing to provide the following:

   - Monthly Operating Report for April 2021.

   By the time of the hearing on this motion, the monthly operating report for May 2021 will be due. If the hearing is continued, additional reports may be due.

4. As of the date of this motion, U.S. Trustee fees in the amount of $1,309.67 for second quarter of 2020 through the first quarter of 2021 have not been paid. If this case is dismissed or converted at the hearing on this motion, U.S. Trustee fees will be due in the minimum amount of $325.00 for second quarter 2021. If the hearing date is continued on this motion, additional quarterly fees may be owed.

5. On January 14, 2021, the Debtor and secured creditor 5AIF Sycamore 2, LLC, as successor-in-interest to 5AIF Nutmeg, LLC ("Sycamore 2") entered into a stipulation in which Sycamore 2 was granted immediate relief from stay to foreclose on the Property with a forbearance agreement that there would be no actual foreclosure sale before April 30, 2021 to give the Debtor the opportunity to market and sell the Property. An order approving that stipulation was entered on February 17, 2021 [Docket No. 113]. The Debtor was unsuccessful in finding a buyer for the Property. On May 6, 2021, the Debtor entered into a stipulation with Sycamore 2 granting it in rem relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(4) as to the Property [Docket No. 121].

6. On April 20, 2021, the Debtor filed an amended third status report [Docket No. 119]. In that status report, the Debtor acknowledges that it was unable to sell the Property and therefore unable to file a disclosure statement and plan by the April 14, 2021 court ordered deadline. The Debtor further acknowledges that if there is a foreclosure sale on the Property, there are no other assets in the estate with which to reorganize.

(This motion is continued on the next page.)

| Page 4 - (Form 2.1) In re:  **1465V Donhill Drive LLC,**  Debtor. | CHAPTER 11 CASE NUMBER  **1:20-bk-11138-VK** |
|---|---|

7. A review of the Court's electronic docket shows that to date, no disclosure statement and plan have been filed by the Debtor.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the following date at Los Angeles, California.

Date of execution: May 20, 2021     By: _/s/ Alfred Cooper III_
                                           Alfred Cooper III
                                           Paralegal

(This motion is continued on the next page.)

Case 1:20-bk-11138-VK    Doc 125    Filed 05/20/21    Entered 05/20/21 12:59:35    Desc
Main Document    Page 5 of 8

| Page 5 - (Form 2.1) In re: | CHAPTER 11 CASE NUMBER |
|---|---|
| **1465V Donhill Drive LLC,** Debtor. | 1:20-bk-11138-VK |

**The United States Trustee submits the following points and authorities in support of this motion:**

1. "[O]n request of a party in interest, and after notice and a hearing, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."  11 U.S.C. § 1112(b)(1).

2. "For the purposes of this subsection, the term "cause" includes- (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (B) gross mismanagement of the estate; (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public; (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors; (E) failure to comply with an order of the court; (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor; (H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee (or the bankruptcy administrator, if any); (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief; (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court; (K) failure to pay any fees or charges required under chapter 123 of title 28; (L) revocation of an order of confirmation under section 1144 of this title; (M)  inability to effectuate substantial consummation of a confirmed plan; (N) material default by the debtor with respect to a confirmed plan; (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition."  11 U.S.C. § 1112(b)(4).

3. Local Bankruptcy Rule 2015-2(b) provides that timely compliance with the reasonable requirements of the United States Trustee is mandatory.

4. A debtor's failure to comply with the reporting requirements of the United States Trustee and the Local Bankruptcy Rules is cause to dismiss this chapter 11 case or convert it to one under chapter 7, pursuant to 11 U.S.C. § 1112(b)(1) and (b)(4)(F) and (H).  *See also In re 3868-70 White Plains Road Inc.*, 28 B.R. 515 (Bankr. S.D.N.Y. 1983); *In re Bianco,* 5 B.R. 466 (Bank.  D. Mass.1980); *In re Pappas,* 17 B.R. 662 (Bankr. D. Mass. 1982).

5. The court may convert or dismiss a case where no reasonable possibility of effective reorganization exists, the debtor is unable to effectuate a plan and/or for unreasonable delay which prejudices the rights of creditors.  *See, e.g., In re Johnston*, 149 B.R. 158, 161 (9th Cir. BAP 1992).

6. The court may prohibit the debtor from filing another bankruptcy petition for a period of 180 days for cause. 11 U.S.C. §§ 105, 109(g) & 349(a).

7. In the alternative, the court may appoint a chapter 11 trustee pursuant to 11 U.S.C. §§ 1112(b)(1) and 1104(a).  Specifically, 11 U.S.C. § 1112(b)(1) provides that a trustee shall be appointed if grounds exist to convert or dismiss the case under § 1112(b), but the court determines that appointing a trustee is in the best interests of creditors and the estate. The debtor has failed to comply with the U.S. Trustee's requirements and the Local Rules, which constitutes cause to dismiss a chapter 11 case or convert it to one

(This motion is continued on the next page.)

Case 1:20-bk-11138-VK    Doc 125    Filed 05/20/21    Entered 05/20/21 12:59:35    Desc
Main Document    Page 6 of 8

| Page 6 - (Form 2.1) In re: | CHAPTER 11 CASE NUMBER |
|---|---|
| **1465V Donhill Drive LLC,** Debtor. | **1:20-bk-11138-VK** |

under chapter 7 pursuant to 11 U.S.C. § 1112(b)(4)(F) and (H).  *See also* LBR 2015-2(b)("[t]imely compliance is mandatory"); *White Plains Road Inc.*, 28 B.R. 515; *Pappas*, 17 B.R. 662.  Therefore, depending on what would serve the best interests of the creditors and the estate, this Court may order conversion, dismissal, or the appointment of a chapter 11 trustee.

8. Here there is cause to dismiss the Debtor's case.  To date the Debtor has failed to file a disclosure statement by the April 14, 2021 deadline, is not current with its monthly operating reports, and is behind on its quarterly fees.  In addition, the Debtor has entered into a stipulation with Sycamore 2 in which it has given Sycamore 2 in rem relief to foreclose on the Property as it was unable to sell the Property by the April 30, 2021 deadline.  The Property is the Debtor's sole asset and foreclosure of it is imminent.  Foreclosure of the Property will cause the estate to have no assets with which to reorganize.

**Based on the above facts and law, and also based upon such oral and/or documentary evidence as may be presented at the time of the hearing, the United States Trustee respectfully requests as follows.**

A. That the Court grant the United States Trustee's motion herein and dismiss this case for cause pursuant to 11 U.S.C. § 1112(b)(4)(A), (F), (J), and (K).

B. If the case is converted to one under chapter 7 rather than dismissed, that the Court enter an order requiring debtor's counsel to file a fee application under Bankruptcy Code § 330 within thirty (30) days.

C. That the Court order such other and further relief as may be appropriate in the circumstances.

Date of execution:  May 20, 2021    **UNITED STATES TRUSTEE**

By: */s/  Katherine Bunker*
    Katherine Bunker
    Attorney for the U.S. Trustee

| Page 7 - (Form 2.1) | | |
|---|---|---|
| In re:<br>**1465V Donhill Drive LLC,**<br>                              Debtor. | CHAPTER 17 CASE NUMBER | **1:20-bk-11138-VK** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017**

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION TO DISMISS OR CONVERT CASE UNDER 11 U.S.C.  § 1112(b); DECLARATION OF ALFRED COOPER III** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **5/20/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **5/20/2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **11/4/2019,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/20/2021 | Veronica Hernandez | */s/Veronica Hernandez* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

| Page 8 - (Form 2.1) In re: **1465V Donhill Drive LLC,** Debtor. | CHAPTER 11 CASE NUMBER **1:20-bk-11138-VK** |
|---|---|

## SERVICE LIST FOR PROOF OF SERVICE

**SERVED BY ELECTRONIC FILING**
Katherine Bunker    kate.bunker@usdoj.gov
Brandon J Anand    brandon@anandlaw.com, r52959@notify.bestcase.com,info@anandlaw.com
Eric Bensamochan    eric@eblawfirm.us, G63723@notify.cincompass.com
Michael J Gomez    mgomez@frandzel.com, dmoore@frandzel.com
M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
Reed S Waddell    rwaddell@frandzel.com, sking@frandzel.com

**SERVED BY U.S. MAIL**
U.S. Bankruptcy Court
San Fernando Valley Division
21041 Burbank Boulevard
Woodland Hills, California 91367

1465V Donhill Drive, LLC
9430 Lurline Avenue
Chatsworth, CA 91311